# Supreme Court of Florida

MONDAY, FEBRUARY 20, 2017

CASE NO.: SC16-547
Lower Tribunal No(s).:
5D16-516; 492013CF000612XXXAXX

LARRY DARNELL PERRY          vs.          STATE OF FLORIDA

Petitioner(s)                                          Respondent(s)

Respondent's Motion for Clarification is hereby denied as moot.  See Evans

v. State, No. SC16-1946, Rosario v. State, No. SC16-2133.

LABARGA, C.J., and LEWIS, CANADY, and POLSTON, JJ., concur.
PARIENTE, J., dissents with an opinion, in which QUINCE, J., concurs.
LAWSON, J., did not participate.

PARIENTE, J., dissenting.

I would deny Respondent's Motion for Clarification based on the Court's

explicit ruling in our original opinion in Perry v. State, 41 Fla. L. Weekly S449

(Fla. Oct. 14, 2016), which concluded:

> Based on the reasoning of our opinion in Hurst[ v. State, 202
> So. 3d 40 (Fla. 2016)], we answer both certified questions in the
> negative.  As to the second question, we construe the fact-finding
> provisions of the revised section 921.141, Florida Statutes,
> constitutionally in conformance with Hurst to require unanimous
> findings on all statutory elements required to impose death.  The Act,
> however, is unconstitutional because it requires that only ten jurors
> recommend death as opposed to the constitutionally required
> unanimous, twelve-member jury.  Accordingly, it cannot be applied to
> pending prosecutions.

Perry, 41 Fla. L. Weekly at S453 (emphasis added).

However, in light of the Court's opinion today in <u>Evans</u> and <u>Rosario</u>, determining that "the revised statutory scheme in chapter 2016-13, Laws of Florida, <u>can</u> be applied to pending prosecutions," which explicitly contradicts our holding in <u>Perry</u>, I would grant Respondent's Motion for Clarification in this case. <u>Evans v. State</u>, No. SC16-1946, and <u>Rosario v. State</u>, No. SC16-2133 (consolidated) (slip op. issued Fla. Feb. 20, 2017), at 6 (emphasis added). Respondent's Motion for Clarification cannot now be "moot" following the majority's opinion in <u>Evans</u> and <u>Rosario</u>, which is in direct conflict with our holding in <u>Perry</u>; therefore, issuing a revised opinion would be the appropriate procedure.

QUINCE, J., concurs.

A True Copy
Test:



John A. Tomasino
Clerk, Supreme Court

sl
Served:

PETER MILLS
NANCY GBANA ABUDU

FRANK J. BANKOWITZ
MARTIN J. MCCLAIN
MARK ANTHONY INTERLICCHIO, JR.
STEVEN L. BOLOTIN
MICHAEL CHANCE MEYER
JOHN PAUL ABATECOLA
KAREN MARCIA GOTTLIEB
LINDA MCDERMOTT
HON. JULIANNE M. HOLT
SONYA RUDENSTINE
J. EDWIN MILLS
ELLIOT H. SCHERKER
NORMAN ADAM TEBRUGGE
ROBERT ARTHUR YOUNG
ROBERT R. BERRY
NEAL ANDRE DUPREE
VIVIAN ANN SINGLETON
TODD GERALD SCHER
KENNETH SLOAN NUNNELLEY
CAROL MARIE DITTMAR
SUZANNE MYERS KEFFER
HON. JON BERKLEY MORGAN, JUDGE
HON. JOANNE P. SIMMONS, CLERK
HON. ARMANDO R. RAMIREZ, CLERK